638

THE PEOPLE, Respondent, v. MARSHALL LEE
DOWELL, Appellant.

Gladys Towles Root for Appellant.

Fred N. Howser, Attorney General, and William E. James,
Deputy Attorney General, for Respondent.

DORAN, Acting P. J.—Defendant, accused by information,
with the offense of grand theft, was adjudged guilty by the
jury and appeals from the judgment that followed.

It is contended that the evidence ''is insufficient to sustain
a conviction.''

The evidence reveals that defendant was residing with
the victim of the theft, Mrs. Birdie M. Brown; that at that
time, as Mrs. Brown testified, ''he was supposed to be married
to my daughter.''   Defendant left on July 31st and in that
connection Mrs. Brown further testified:

''Q. When did this defendant and your daughter leave
your home?   A. Well, my daughter didn't leave.   She re-
mained there.   He left about the 31st of July.

''Q. However, your daughter remained there after he left?''

After defendant left Mrs. Brown discovered the theft of
seven $50 bonds.   The next day a Mr. Shackelford received
one of Mrs. Brown's $50 bonds from defendant to secure a
five-dollar loan.

Defendant testified:

"Q. Did you stay at the home of Mrs. Birdie M. Brown approximately July 31st, 1945? A. Not on July 31st. I stayed there about—— It was the 26th and 27th, I believe, two days and one night.

"Q. Did you stay at her house after the 27th of July? A. No, I didn't.

"Q. Where did you go after July 27th, 1945? A. Went to San Bernardino.

"Q. How long did you remain in San Bernardino? A. Until August 1st.

"Q. And then where did you go, on August 1st? A. I left for Kansas City.

"Q. And did you go directly to Kansas City from San Bernardino on that date? A. Well, I went to Gallup, New Mexico. I stayed in Gallup one day.

"Q. You left San Bernardino on the 1st of August, 1945? A. That is right."

With regard to questions relative to defendant's previous record, the following appears on cross-examination:

"Mr. Galliano: Q. What kind of a felony was it, sir? A. Car theft and forgery.

"Q. And when was that? A. 1945.

"Q. Have you been convicted of any other felony? A. No, sir.

"Q. Where was that last felony that you spoke of—the car theft? A. Oklahoma.

"Q. Isn't it a fact that you were convicted of a felony in Walla Walla, Washington? A. That is right. I told you, forgery.

"Q. Oh, that is a different one? A. Yes. You said how many times, I told you forgery and car theft."

Examples of defendant's handwriting were in evidence as well as the bonds with the purported signature of the owner on the back thereof. Testimony of a handwriting expert to the effect that defendant wrote the indorsements on the back of the bonds was received in evidence by stipulation. The jury had the exhibits to compare for the same purpose.

The defendant, as a witness, denied the theft and denied the transaction with Mr. Shackelford above referred to.

In the light of the foregoing, appellant's appeal cannot be upheld. The evidence is amply sufficient to support the judgment.

Judgment affirmed.

White, J., concurred.